SCHOTT, Chief Judge.
This is a claim by an employer Southland Corporation against the Worker’s Compensation Second Injury Board pursuant to LSA-R.S. 23:1371 et seq. The trial court rendered judgment for the employer for the benefits allowed under the statute. The Board has appealed raising the issue that the record does not support the legal conclusion that there was a merger of the job related injury sustained by Southland’s employee with his preexisting disability so as to provide a basis for Southland’s present claim.
The purpose of the Second Injury Fund is to encourage the employment of disabled individuals by protecting employers from excess liability for worker’s compensation for disability when a subsequent injury to the employee merges with the preexisting disability to cause a greater disability that would have resulted from the subsequent injury alone. R.S. 23:1371(A). A merger occurs in the situation where the disability resulting from the subsequent injury in conjunction with the preexisting disability is materially and substantially greater than that which would have resulted had the preexisting disability not been present, and the employer has been required to pay and has paid compensation for that greater disability. § 1371(C)(2).
Southland’s employee, Johansen, was electrocuted in 1972 and was left with a permanent partial disability consisting of the loss of his left hand from amputation and the clubbing of his right hand. South-land hired him as a Security Supervisor in 1983. While working on January 24, 1985, he slipped and fell, injuring his back. He *958 suffered a herniated disc at L5-S1 and severe narrowing of the disc space at L4-5. Because he was a poor surgical risk, Johan-sen chose not to undergo surgery recommended by his treating physician. South-land paid his medical expenses and the appropriate amount of compensation benefits and sought to be reimbursed by the Board in accordance with § 1378. After the Board denied the claim, Southland filed its claim in the district court. The case was tried to a commissioner, whose recommendation was adopted by the court.
The Board argues that the trial court incorrectly interpreted the statute’s definition of a merger in finding that the 1985 accident merged with the preexisting disability because the result was a “greater disability than that which existed when Southland hired Johansen.” We agree with the Board that this is not the test, but we find that the trial court reached the correct result anyway.
The question is whether Johan-sen’s disability resulting from his back injury in connection with his preexisting injury is materially and substantially greater than it would have been had he not had the preexisting injury. In other words, did the back injury render him materially and substantially more disabled since it was superimposed on his condition of having a single clubbed hand than he would have been with the back injury alone. Common sense would seem to answer the question in the affirmative. Anybody with a herniated disc is usually disabled to some extent, but Johansen is materially and substantially more disabled with his herniated disc because he has only one hand and that one is deformed.
But, we need not resort only to common sense. Dr. Ruel, the orthopedic surgeon who treated Johansen for his back injury, stated that he was more disabled because of his back injury, and he explained that Johansen’s disability from the back injury was greater because of his preexisting disability in this way:
He had a below elbow amputation on one extremity, the left as I recall, and the right side, he had a severe contracture deformity of his right hand. You know, you put all of these things together, the hand disability, the absence of a left forearm and hand and put the back with it, well, naturally, it makes him more disabled.
The doctor further stated, “I think he’s more disabled with the back added to his previous problem which makes it more difficult for him to get a job, to work at some job in a meaningful way.”
This uncontradicted testimony supports Southland’s entitlement to recovery.
The Board contends that recovery is precluded because of the absence of a causal link between Johansen’s preexisting condition and the second injury, citing Crown Zellerbach v. La. Workman’s Comp., 481 So.2d 650, 653 (La.App. 1st Cir.1985), writ denied, 483 So.2d 1021 (La.1986). We do not interpret the statute to require such a causal link in the present case. Entitlement to recovery under § 1371(C) extends to the situation where the subsequent injury would not have occurred but for the preexisting disability or under the circumstances of the present case. There are alternative grounds for recovery. Both grounds are not necessary for recovery as the Crown Zellerbach court held.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.